FILED

APR 05 2012

U.S. DISTRICT COURT
DISTRICT OF R.I.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**JOSE LIMA** :

: CA 12- 255 M

**v.** :

:

**SUNTRUST MORTGAGE** :

**C.A. No.**

**and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS , Inc.**

**Jury Trial Demanded**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Parties

1. Plaintiff, Jose Lima ("Plaintiffs"), is the owner of property located at 698 Centerville Road, Warwick, State of Rhode Island. The subject property is located at 698 Centerville Road, Providence, Rhode Island 02886.

2. Defendant, Mortgage Electronic Registration Systems, Inc., ("MERs"), is a Delaware Corporation engaged in the business of mortgage-servicing, and had its mailing address at P.O. Box 2026, Flint, Michigan 48501-2026. MERs is the listed mortgagee in the Mortgage acting solely as nominee for Lender.

3. Sun Trust Mortgage ("STM"), is a Mortgage Company with its mailing address at P.O. Box 79684, Baltimore, MD 21279-0684.

### Jurisdiction

4. This Court has jurisdiction over the herein defendants and matter pursuant to 28

USC §1331 and pendent and ancillary jurisdiction for any state claims asserted herein pursuant to 28 USC §1367.

5. Additionally, this Honorable Court has jurisdiction over this action based upon diversity of citizenship, and the amount in controversy pursuant to 28 USC §§1332, 1441, and 1446.

**General Allegations**

6. On or around 2008, Plaintiff purchased certain improved real estate commonly known as 698 Centerville Road, Warwick, Rhode Island 02886.

7. Incidental to the purchase of the subject property, a loan and financing were obtained (the "loan") through a Lender, Mortgage Amenities Corp., and currently held by Federal National Mortgage Association ("FNMA" or "Original Lender"), said loan and financing was evidenced by a Promissory Note ("Note") in the amount of $417,000.00 and was secured by a first mortgage security instrument filed in the Land Evidence Records of the City of Warwick, State of Rhode Island, on July 24, 2007 at Book 6892, pages 77("Mortgage"). MERs is the listed mortgagee in the Mortgage acting solely as nominee for Lender.

8. Defendant, allegedly received an assignment of the Mortgage from MERs. Said assignment was recorded in the Land Evidence Records of the City of Warwick, Rhode Island.

**COUNT I**

**(Declaratory Judgment that neither MERs nor Ocwen Loan Servicing has any authority to foreclose on the Mortgage)**

9. Plaintiffs incorporate and reassert the allegations set forth in Paragraphs 1-8 of Plaintiffs' Complaint.

10. A so-called Assignment was issued which, upon information and belief, MERs purported to transfer Mortgage Amenities Corp, rights and interest in and to the mortgage to Sun Trust, Please note: (Mortgage Amenities Corp) was the original lender.

11. The assignment, MERs was not transferring its own interests in and to the Mortgage but purportedly transferred the rights of Mortgage Amenities Corp to Sun Trust, without the requisite statutory or contractual authority.

12. The assignment to Sun Trust is fatally flawed and void pursuant to R.I. Gen. Laws §34-1131 *et seq*.

13. Despite having neither a valid interest in or to the Mortgage, nor any valid legal existence, as Sun Trust. MERS purported to make an Assignment to Sun Trust by a so-called Assignment.

14. Upon information and belief, the Assignment was executed by a person who did not have the requisite authority to make any such assignments, even if valid, on behalf of Mortgage Amenities Corp.

15. Despite not having a validly assigned interest in or to the Mortgage, Sun Trust purported to assign its so-called interest to MERS.

16. Paragraph of the Mortgage provides for foreclosure by the Lender only:

> . . .If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this

Security Agreement; and (c) any excess to the person or persons legally entitled to it.

17. Under the Mortgage document, MERs has no statutory power of sale which would allow it to foreclose in the event of a default by the Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

a. Find that the Defendants do not have any valid right or interest in and to the Mortgage which would allow any of them to foreclose on the subject property;
b. Find that MERs specifically has no right to foreclose on the subject property under the provisions of the Mortgage;
c. Enjoin the Defendants from proceeding with any foreclosure on the subject property; and including but not limited to the marketing, entering into the property, transferring and recording of any foreclosure deed with respect to the subject property.
d. Award Plaintiffs any and all other relief as it deems necessary and appropriate, including reasonable attorneys' fees and costs.

**COUNT II**

**(Declaratory Judgment that Defendants have violated Rhode Island General Laws §34-27-1 *et seq.* and Rhode Island Department of Business Regulations, Banking Regulation Number 5)**

18. Plaintiffs incorporate and reassert the allegations set forth in Paragraphs 1-17 of Plaintiffs' Complaint.

19. The requirements of R.I. Gen. Laws §34-27-3.1 and Rhode Island Department of

Business Banking Regulation 5 ("Regulation 5") applies to the Defendants, as entities subject to regulation and supervision by the Rhode Island Division of Banking as well as the purported mortgagee holding a loan owned or payable by the Plaintiffs.

20. The Plaintiffs are mortgagors owing or indebted pursuant to a loan secured by residential real estate.

21. The Defendants failed to comply with the required notice procedure under R.I. Gen. Laws §34-27-1 *et seq.* and Regulation 5, including: (a) sending the Disclosure of Mortgage no less than forty-five (45) days prior to initiating the foreclosure by first class mail; (b) providing the Plaintiffs with the Disclosure of Mortgage at least seventy-five (75) days prior to the publication of the first (1st) notice of the sale by publication in a newspaper; and (c) failed to provide contact information for the HUD Approved Counseling Agencies in Rhode Island.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

a. Find that the Defendants are in violation of both R.I. Gen. Laws §34-27-1 et seq. and Rhode Island Department of Business Regulations, Banking Regulation Number 5;
b. Enjoin the Defendants from proceeding with any foreclosure on the subject property; and
c. Award Plaintiffs any and all other relief as it deems necessary and appropriate, including reasonable attorneys' fees and costs.

**COUNT III**
**(Declaratory Judgment that the Defendants have violated the City of Providence Ordinance No.13-216)**

22. Plaintiffs incorporate and reassert the allegations set forth in Paragraphs 1-21 of Plaintiffs' Complaint.

23. Defendants have failed to comply with all of the requirements as set forth in the City of Providence, Code of Ordinances §12-216.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

a. Find that the Defendants are in violation of the City of Providence Ordinance § 12-216;
b. Enjoin the Defendants from proceeding with any foreclosure on the subject Property, to enjoin the defendants from marketing the property or entering.
c. Enjoin the Defendants from recording any foreclosure deed with the City of Providence Land Evidence Records recorder of deeds; and
d. Award Plaintiffs any and all other relief as it deems necessary and appropriate, including reasonable attorneys' fees and costs

**COUNT IV**
**(Declaratory Judgment that the Defendants have violated Plaintiffs' procedural and due process rights under the United States and Rhode Island Constitutions)**

24. Plaintiffs incorporate and reassert the allegations set forth in Paragraphs 1-23 of Plaintiffs' Complaint.

25. Defendants failed to provide notice and opportunities for counseling as required in both the Rhode Island General Laws and Providence Ordinances prior to commencing foreclosure proceedings.

26. Defendants, without the requisite standing or authority, improperly commenced foreclosure proceedings on Plaintiffs home.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

a. Find that the Defendants have violated Plaintiffs procedural and substantive due process rights;

b. Award Plaintiffs damages in an amount to be proven at trial;

c. Enjoin the Defendants from proceeding with any foreclosure on the subject property; and

d. Award Plaintiffs any and all other relief as it deems necessary and appropriate, including reasonable attorneys' fees and costs.

**COUNT V**
**(Unfair or Deceptive Acts or Practices: Predatory Lending)**

27. Plaintiffs incorporate and reassert the allegations set forth in Paragraphs 1-26 of Plaintiffs' Complaint.

28. Defendants and their predecessors knew or should have known that their complete failure to assess the Plaintiffs ability to repay the Mortgage would lead to payment shock and default.

29. Defendants and their predecessors knew or should have known that the failure to qualify the Plaintiffs beyond the introductory period of the Mortgage was unfair and deceptive. Further, the originating of the type of loan provided to the Plaintiffs falsely and deceptively provided Plaintiffs with an unreasonable expectation that they could potentially refinance out their Mortgage before the payments exceeded income levels, since the loan unreasonably presumes and depends upon the appreciation of the Property value.

30. Upon information and belief, Defendants and their predecessors qualified the

Plaintiffs for their Mortgage without reasonably considering whether Plaintiffs could afford to repay the Mortgage in light of their income and assets.

31. The unfair and deceptive actions of the Defendants and their predecessors have harmed the Plaintiffs.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court:

a. Award judgment in favor of the Plaintiffs, including restitution to Plaintiffs as persons injured by the unfair and deceptive practices of the Defendants, and damages, including costs and attorneys' fees;

b. Enter judgment in favor of the Plaintiffs, including permanent injunctive relief; and

c. Award Plaintiffs any and all other relief as it deems necessary and appropriate, including reasonable attorneys' fees and costs.

**COUNT VI**

**(Unfair or Deceptive Acts or Practices and Breach of Covenant of Good Faith and Fair Dealing: Falsely Representing Status as Holder of Mortgage)**

32. Plaintiffs incorporate and reassert the allegations set forth in Paragraphs 1-31 of Plaintiffs' Complaint.

33. The Defendants each appear on communications with the mortgagors and other entities in which they falsely identify themselves as the rightful holder of the mortgages.

34. The Defendants do not have any valid legal interest in the Mortgage which would authorize them to exercise the statutory power of sale.

35. The Notices sent by the Defendants incorrectly recite the current holder of the Mortgage and incorrectly assert that the Defendants have a lawful interest in the Mortgage which would allow them to foreclose.

36. NA

37. Repeated notices to the mortgagors and other entities falsely represented the identity of the rightful Holder of the Mortgage.

38. The Defendants' misrepresentations, collectively or individually, falsely identifying the actual and valid current holder of the Mortgage in the Notice of Mortgagee's Sale and other notices constitute unfair and deceptive trade practices and are a breach of the covenant of good faith and fair dealing and voids any process of foreclosure which has begun for the Property.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

a. Award judgment in favor of the Plaintiffs, as persons injured by the unfair and deceptive practices of the Defendants and the Defendants' breach of the covenant of good faith and fair dealing;

b. Award Plaintiffs damages, including costs and attorneys' fees;

c. Enter judgment in favor of the Plaintiffs, including permanent injunctive relief; and

d. Award Plaintiffs any and all other relief as it deems necessary and appropriate, including reasonable attorneys' fees and costs.

**COUNT VII**

**(Unfair or Deceptive Acts or Practices in Violation of R.I. Gen. Laws §6-13.1-1 *et seq.*: Initiating Foreclosure Proceeding without being Valid Holder of Mortgage)**

39. Plaintiffs incorporate and reassert the allegations set forth in Paragraphs 1-38 of Plaintiffs' Complaint.

40. The Defendants do not have any valid legal interest in the Mortgage which would authorize them to exercise the statutory power of sale.

41. The Defendants are holding themselves out to have a valid legal interest in the Mortgage even though their status as such comes from a series of invalid and unauthorized assignments of the Mortgage.

42. The Defendants have no legal right or authority to institute the statutory power of sale on the Property.

43. The Defendants actions instituting foreclosure proceedings against the Plaintiffs are in constitute unfair and deceptive trade practices and are a breach of the covenant of good faith and fair dealing.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

a. Award judgment in favor of the Plaintiffs, as persons injured by the unfair and deceptive practices of the Defendants and the Defendants' breach of the covenant of good faith and fair dealing;

b. Award Plaintiffs damages, including costs and attorneys' fees;

c. Enter judgment in favor of the Plaintiffs, including permanent injunctive relief; and

d. Award Plaintiffs any and all other relief as it deems necessary and appropriate, including reasonable attorneys' fees and costs.

Respectfully Submitted,
Plaintiffs, By their Attorneys,

/s/ Robert McNelis
Robert McNelis, Esq. (#8361)
Robert McNelis
Po Box 126
Greenville, Rhode Island 02828
Tel: (401) 598-7647
Fax: (401) 270-4470
EmaiL: RFMcNelis.ESQ@gmail.com

Dated: April 5, 2012

**CERTIFICATE OF SERVICE**

In accordance with the Electronic Case Filing ("ECF") Administrative Procedures of the United States District Court for the District of Rhode Island, I, Robert McNelis, hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants in this matter and via electronic mail to Orlans and Moran, who, upon information and belief represents the mortgagee, as advertised in the foreclosure notice, in the above-referenced matter, but has not entered a formal appearance on the ECF system. The above-referenced document shall be available for viewing and downloading on the ECF system after filing.

/s/ Robert McNelis
Robert McNelis, Esq. (#8361)